UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELVIN R. LOVETT,

        Plaintiff,

    v.                               **Civil Action 2:24-cv-4256**
                                        **Judge James L. Graham**
SGT. GOBEL, *et al.*,             **Magistrate Judge Chelsey M. Vascura**

        Defendants.


## REPORT AND RECOMMENDATION

Plaintiff, Kelvin R. Lovett, a state inmate proceeding without the assistance of counsel, sues several employees of Ross Correctional Institution under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, Plaintiff **MAY PROCEED** on his individual-capacity claim for compensatory and punitive damages against Defendant Evans for excessive force, but the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims for failure to state a claim on which relief may be granted.

# I.    BACKGROUND

Plaintiff alleges ongoing suicidal ideation. On September 12, 2024, Plaintiff alleges that Defendant Captain Crabtree retaliated against Plaintiff by placing Plaintiff in segregated housing. (Compl. ¶ 3, ECF No. 1-1.) Defendant C. Miller, a mental health employee at Ross Correctional Institution ("RCI"), refused to place Plaintiff on suicide watch, despite a suicide attempt, "which was a complete disregard of [Plaintiff's] health and wellbeing." (*Id.* at ¶ 4.) Instead, Plaintiff was placed on "some other form" of watch that required fewer personnel resources. (*Id.*)

While on this other form of watch, Plaintiff entered a strip cage to be strip searched. Plaintiff alleges that, although he followed all of Defendant C/O Evans's instructions, Evans nevertheless sprayed Plaintiff twice with oleoresin capsicum ("OC") spray. (*Id.* at ¶¶ 7–8.) Afterward, Defendant Lt. John Doe tried to write out a statement to try to cover up Evans's wrongdoing, but Plaintiff refused to sign the statement. (*Id.* at ¶ 12.) Plaintiff was then placed in a suicide cell, but unspecified individuals denied him a blanket as a tactic to discourage him from requesting suicide watch. (*Id.* at ¶ 14.)

The next day, Plaintiff was "threatened" by Defendant Jane Doe, a mental health employee, with Defendant Lieutenant Williams. (*Id.* at ¶ 15.) Plaintiff was told he would not get a blanket and would be stuck for at least two more days. (*Id.*)

At a hearing on the conduct report issued against Plaintiff, falsely accusing him of failing to follow Evans's instructions on September 12, 2024, non-party Captain Herd instructed non-party Sergeant Mayes to "get rid of" the conduct report, and Mayes did so. But then Defendant Sergeant Gobel instructed Mayes to reinstate the conduct report because a use of force was involved. Because the original conduct report had apparently been deleted or lost, Gobel re-wrote the conduct report, even though he hadn't been present for the incident. Plaintiff alleges

that Gobel wrote the fraudulent conduct report to try to prevent Evans from having to face discipline for assaulting Plaintiff with OC spray. (*Id.* at ¶¶ 16–21.)

Plaintiff sues each of the seven Defendants in their individual and official capacities, seeking compensatory and punitive damages as well as a declaratory judgment that Defendants' conduct violated his constitutional rights. (*Id.* at ¶ 22, PAGEID #18.)

## II.    STANDARD OF REVIEW

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

3

(citations omitted). Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)) (internal citation omitted).

### III.  ANALYSIS

Having performed the initial screen under § 1915A(b), Plaintiff may proceed on his individual-capacity Eighth Amendment excessive force claim against Defendant C/O Evans for compensatory and punitive damages. But Plaintiff's remaining claims must be dismissed.

First, Plaintiff's claims for declaratory judgment must be dismissed. "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for preenforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). In other words, "[p]ast harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Plaintiff does not allege any ongoing or likely future violations of his constitutional rights; nor would such a claim be likely to succeed against these Defendants as Plaintiff has recently transferred to a different facility. His claims for declaratory judgment must therefore be dismissed.

Further, Plaintiff's official-capacity claims for compensatory and punitive damages must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). A suit against a state official

4

in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Plaintiff's claims for compensatory and punitive damages fall outside the scope of *Ex Parte Young*. Accordingly, any official-capacity claims for damages must be dismissed.

As to Plaintiff's individual-capacity claims for damages, they must all—aside from Plaintiff's claim for excessive force against Evans—be dismissed. Plaintiff alleges that Gobel wrote a false conduct report, but "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no

constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'" (quoting *Spencer v. Wilson*, No. 6:11–00128–KSJ, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012))), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013)); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right."). Plaintiff's claim against Gobel arising from the false conduct report must therefore be dismissed.

Plaintiff also appears to advance an Eighth Amendment medical indifference claim against Miller, who placed him on a lessened form of watch rather than the suicide watch Plaintiff requested. The Sixth Circuit has noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.* at 591.

(quotation marks and citation omitted). Here, Plaintiff has, at most, alleged that his medical care was inadequate, not nonexistent. His mental health needs were not ignored; he merely received less monitoring than he would have liked. He also alleges no harm from being placed on a less stringent watch. His medical indifference claim against Miller must therefore be dismissed.

To the extent that Plaintiff advances an Eighth Amendment conditions-of-confinement claim arising out of Jane Doe's refusal to provide him with a blanket while in a suicide cell, this is not the type of "extreme deprivation" prohibited by the Eighth Amendment. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992). To state a conditions-of-confinement claim, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). "To move beyond the pleading stage in this setting, an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). "Alleging that prison conditions 'are restrictive and even harsh' does not suffice because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Id.*; *see also Hudson,* 503 U.S. at 9 ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted). Going without a blanket for three days does not rise to the level of an extreme deprivation. *See*, *e.g.*, *Grissom v. Davis*, 55 F. App'x 756, 757–58 (6th Cir. 2003) (despite allegedly resulting "body aches," the plaintiff "neither alleged nor presented any evidence that the seven-day mattress restriction deprived her of basic human needs

or caused her to suffer serious harm."); *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment."). Plaintiff's conditions-of-confinement claim against Jane Doe must be dismissed.

Finally, Plaintiff does not allege facts sufficient to state a claim against any of the remaining Defendants. Plaintiff states only in a conclusory fashion that Crabtree retaliated against him by placing him in segregated housing, that John Doe wrote out a statement that Plaintiff refused to sign, and that Jane Doe and Williams "threatened" him. Plaintiff's conclusory and unsupported allegations are precisely the kind of "naked assertion[s] devoid of further factual enhancement" that do not suffice under *Iqbal. See* 556 U.S. at 678.

## IV.    DISPOSITION

Plaintiff **MAY PROCEED** on his individual-capacity claim for compensatory and punitive damages against Defendant Evans for excessive force, but the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims under § 1915A(b) for failure to state a claim on which relief may be granted.

Plaintiff recently filed a notice indicating that, although he paid the filing fee to commence this action, he still wishes to pursue his motion for leave to proceed *in forma pauperis* so that the Court might direct the U.S. Marshal to effect service of the summons and Complaint. (ECF No. 4.) As explained in the Court's December 13, 2024 Order, Plaintiff has not properly supported his motion for leave to proceed *in forma pauperis* because he failed to submit a certified trust fund account statement as required by 28 U.S.C. § 1915(a)(2). (*See* ECF No. 3.) If Plaintiff submits the required certified trust fund account statement by January 13, 2025, as directed in the Court's December 13, 2024 Order, the Court will rule on Plaintiff's motion for leave to proceed *in forma pauperis* and will direct the U.S. Marshal to effect service if

appropriate. If Plaintiff does not submit the required account statement, or if the account statement does not reflect Plaintiff's inability to pay the costs of litigation, Plaintiff will be responsible for serving the summons and Complaint on Defendant Evans in compliance with Federal Rule of Civil Procedure 4. The Court also notes that, although Plaintiff has already submitted summons and Marshal service forms for Defendant Evans, those forms reflect Plaintiff's former address at RCI. Plaintiff will therefore need to submit revised copies of these forms with Plaintiff's current address before the summons can be issued or before service by the U.S. Marshal can be ordered.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

9

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE