UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KELVIN R. LOVETT,**

      **Plaintiff,**

  v.                                    Civil Action 2:24-cv-4256
                                          Judge James L. Graham
                                          Magistrate Judge Chelsey M. Vascura

**SGT. GOBEL,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

      Plaintiff, Kelvin R. Lovett, an Ohio inmate proceeding without the assistance of counsel, has filed a Motion to Request Indigence, which the Court construes as an application to proceed *in forma pauperis* (ECF No. 23). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

      On December 13, 2024, the Court ordered Plaintiff to either pay the $405.00 filing fee or to submit a properly-support application for leave to proceed *in forma pauperis*, including "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined" as required under § 1915(a)(2), within in thirty (30) days.  (ECF No. 3.)  On December 18, 2024, Plaintiff paid the filing fee.  (ECF No. 3).  He nonetheless asked the Court to consider his IFP Motion so that US Marshals could effect service of process over the defendants. (ECF No. 4). To that end, Plaintiff filed a prisoner trust fund account statement, showing that he had more than

$3,000 in his account. (ECF No. 7). Accordingly, the Court denied his Motion for Leave to Proceed *in forma pauperis*. (ECF No. 10).

Following an initial screen, Plaintiff was permitted to proceed on his individual-capacity excessive force claims against Defendant Evans. (Order Adopting Report and Recommendation, ECF No. 10.) Plaintiff was ordered to serve summons and Complaint on Defendant Evans in compliance with Federal Rule of Civil Procedure 4. (*Id.*) In response, Plaintiff filed a Motion to Request Waiver of Service of Process, which the Court denied as moot, advising Plaintiff to send the request for waiver of service directly to Defendant Evans, or else submit documents and postage required by Southern District of Ohio Civil Rule 4.2., to have the Clerk's office effect certified mail service on his behalf. (ECF No. 12.)

Plaintiff attempted to effect service of process by submitting documents to the Clerk's office. On April 30, 2025, the Clerk's office issued a Notice of Deficiency, advising Plaintiff that he needed to submit a prepared envelope with postage for certified mailing, green card, and certified mail number to the Clerk within 30 days. (ECF No. 21.) On May 19, Plaintiff filed the instant Motion, explaining barriers to his ability to effect service over Defendant Evans and again asking the Court to be allowed to proceed *in forma pauperis*, impliedly so that US Marshals might effect service over Defendant Evans. (ECF No. 23.) The Motion does not include an updated certified prisoner trust fund account statement but instead includes a list of costs, which shows his account balance to be $499. (*Id.*)  Even if Plaintiff were to submit the required prisoner trust fund account statement, the undersigned recommends that his Motion to Request Indigence be denied because the Motion and attached list of costs establish that he has sufficient assets to pay the costs of litigation.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec.*, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)).

Here, the information set forth in Plaintiff's Motion to Request Indigence does not demonstrate his inability to pay. The Motion and attached exhibits show that Plaintiff has nearly $500 in his account. The undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself. It is therefore **RECOMMENDED** that Plaintiff's Motion to Request Indigence (ECF No. 23) be **DENIED**.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE