**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KELVIN R. LOVETT,**

**Plaintiff,**

**v.**

**Civil Action 2:24-cv-4256**
**Judge James L. Graham**
**Magistrate Judge Chelsey M. Vascura**

**SGT. GOBEL, *et al.*,**

**Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, Kelvin R. Lovett, a state inmate proceeding without the assistance of counsel, sues Defendant, Corrections Officer R. Evans, under 42 U.S.C. § 1983, alleging excessive force in violation of his Eighth Amendment rights. This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 39). For the reasons below, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 39) be **GRANTED**.

## I. BACKGROUND

The alleged excessive force is captured clearly in Defendant Evans's body worn camera footage. (*See* Def.'s Mot. for Summ. J., ECF No. 39, Exhibit A.) On September 12, 2024, Plaintiff was enclosed in a cell and Defendant Evans instructed him to strip and put on a Ferguson gown, a single-piece garment designed to prevent an inmate from using the garment to form a noose. Plaintiff stripped, but asserted that he did not know how to put on the Ferguson gown. Evans repeated his instruction to "put it on" several times, with Plaintiff repeatedly denying knowledge of how to do so, despite reporting having been on suicide watch "a million

times." Evidently not believing Plaintiff's protestations, Defendant sprayed Plaintiff twice with oleoresin capsicum ("OC") spray.

Plaintiff filed an informal complaint about Evans's use of OC spray on September 17. (*See* Grievance #486684661, ECF No. 39-8.) When no response was made by a staff member by November 14, 2024, the complaint was "auto-closed," although Plaintiff was notified that he "may withdraw [his] submission or escalate [his] submission to the next level." (*Id.*, PAGEID #257.) Plaintiff escalated his grievance that same day. (*Id.*, PAGEID #256.) On December 2, 2024, Plaintiff was notified that his "unresolved grievance has been redirected to the Inspector to investigate your complaint and issue a disposition . . . . Please be advised, additional time will be required before a decision can be made concerning your grievance. The extension is needed by the writer to reach a fair and proper resolution." (*Id.*) On April 9, 2025, non-party Inspector T. Diehl responded to Plaintiff's complaint finding that the use of force was compliant with relevant ODRC policies. (*Id.*) On April 15, 2025, Plaintiff was notified that he had fourteen days from that date to appeal to the Chief Inspector if he was dissatisfied with Diehl's finding. (*Id.*) Despite viewing this notification twice on April 15, 2025, Plaintiff did not appeal to the Chief Inspector, and on April 30, 2025, Plaintiff's grievance was closed. (*Id.*)

Meanwhile, Plaintiff commenced this action on December 11, 2024, only 9 days after he was told that the Inspector would require additional time to respond to his complaint. (ECF No. 1.) After an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915, 1915A, Plaintiff was permitted to proceed on his individual-capacity Eighth Amendment excessive force claim against Defendant C/O Evans for compensatory and punitive damages. (ECF Nos. 6, 10.) Defendant Evans filed the subject motion for summary judgment on March 18, 2026. (ECF No. 39.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

## III. ANALYSIS

The undersigned finds that Plaintiff failed to exhaust his administrative remedies prior to filing suit, requiring dismissal of this action in its entirety.[1]

Before commencing an action under 42 U.S.C. § 1983, prisoners are required by the the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA") to exhaust their administrative remedies. As the Sixth Circuit Court of Appeals has explained:

> The Prison Litigation Reform Act requires state prisoners to follow and exhaust all applicable state grievance procedures before filing suit in federal court. *See* 42 U.S.C. 1997e(a); *Woodford v. Ngo*, 548 U.S. 82, 90 [ ] (2006). This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants. *Jones* [*v. Bock*], 549 U.S. [199,] 212 [(2007)]. When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012).
>
> There is no uniform federal exhaustion standard. A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution. *Jones*, 549 U.S. at 217–19[ ]. "This court requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether 'those efforts to exhaust were sufficient under the circumstances.'" *Risher* [*v. Lappin*], 639 F.3d [236,] 240 [(6th Cir. 2011)] (quoting *Napier v Laurel Cty.*, 636 F.3d 218, 224 (6th Cir. 2011)).

*Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

The purpose of the exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Id.* at 591 (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010)).

In Ohio, the general grievance procedures are set forth in Ohio Administrative Code § 5120–9–31. This regulation creates a three-step process governing requests by inmates for

[1] Because Plaintiff's failure to exhaust administrative remedies is dispositive, the undersigned need not consider Defendant's remaining arguments for summary judgment.

relief "relating to any aspect of institutional life that directly and personally affects the [inmate]." O.A.C. § 5120-9-31(A), (J). The first step requires an inmate to "file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." O.A.C. § 5120-9-31(J)(1). If the inmate is dissatisfied with the result, he may file a formal grievance with the inspector of institutional services at his institution. O.A.C. § 5120-9-31(J)(2). If an inmate remains dissatisfied, he may file an appeal to the office of the chief inspector. O.A.C. § 5120-9-31(J)(3). An inmate has not exhausted his remedies under § 5120-9-31 until he has received a decision on his appeal to the office of the chief inspector. *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-00749, 2013 WL 3222902, at *4 (S.D. Ohio June 25, 2013).

Here, Plaintiff filed an informal complaint on September 17, 2024; however, he did not allow the remainder of the grievance process to play out before commencing this action on December 11, 2024. Plaintiff therefore did not "compl[y] with the grievance procedures put forward by his correctional institution." *Mattox*, 851 F.3d at 590. And "a court may not excuse a failure to exhaust," *Ross v. Blake*, 578 U.S. 632, 639 (2016), even if such failure was caused "by his ignorance of the law or the grievance policy." *Napier v. Laurel Cty.*, 636 F.3d 218, 221 n.2 (6th Cir. 2011). Even if Plaintiff were to attempt to exhaust his administrative remedies now, dismissal of this action would still be required. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."). Defendant Evans is therefore entitled to summary judgment on Plaintiff's excessive force claim.

## IV. DISPOSITION

For the reasons above, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 39) be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust administrative remedies.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE